Araceli ACEVEDO URBINA,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–75743.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 16, 2007.*

Filed June 14, 2007.

Araceli Acevedo Urbina, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Araceli Acevedo Urbino, a native and citizen of Mexico, petitions pro se for review of the denial of her application for cancellation of removal for lack of a qualifying relative (8 U.S.C. § 1229b(b)(1)(D)). She contends that the qualifying relative requirement violates due process and equal protection. Acevedo's constitutional claims are foreclosed. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003) (holding that placing aliens in removal, rather than deportation, proceedings does not by itself amount to a due process violation); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002) (no equal protection violation

arising from placing aliens in removal rather than deportation proceedings).

**The issuance of our mandate shall be stayed for 60 days from the filing of our disposition of the petition for review.**

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

